# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1911.

---

### B. H. HOLDER *v.* JAS. T. CRUMP.

[56 South. 183.]

1. TAX DEED. *Validity.* *Code* 1880, *section* 562.

Under Code 1880, section 562, requiring the auditor "to make a statement on each conveyance made by him of the amount of state taxes and damages thereon, and of the amount of county taxes and damages thereon, and of any other taxes and damages thereon, and the amount of his fee and commissions in the transaction, and that he shall present such conveyance, thus prepared, to the state treasurer, who shall enter in a well bound book, to be kept as a record of his office, the description in the conveyance of the land conveyed, and the name of the grantee, and the amount of the state and county and other taxes and damages, and the fees and commissions of the auditor, as stated on said conveyance; and said treasurer shall mark such conveyance "registered," and subscribe such marking with his official signature and seal, and return such conveyance to the auditor,

and such conveyance shall not be valid unless it has been dealt with as herein required." *Held,* that the failure of the clerk of the county, in which the lands lay, in recording the deed to record the notations required to be made by the auditor of the tax, damages, etc., did not render the conveyance of the auditor void.

2. SAME.

But where it is not shown that such conveyance made by the auditor was presented to the state treasurer and recorded and kept as a record of the treasurer's office as required by section 562, Code 1880, by the express words of said statute, the deed is void.

APPEAL from the chancery court of Quitman county. HON. M. E. DENTON, Chancellor.

Bill by Ben H. Holder against Jas. T. Crump. From a decree dismissing the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*W. R. Harper,* for appellant.

Section 562, Code of 1880, provides as follows:

"The auditor shall make a statement on each conveyance so made by him, of the amount of state taxes, and damages, thereon, and of the amount of county taxes and damages thereon, and of any other taxes and damages thereon, and the amount of his fee and commissions, in the transaction, and shall present such conveyance, thus prepared to the state treasurer, who shall enter in a well bound book, to be kept as a record of his office, the description in the conveyance of the land conveyed and the name of the grantee, and the amount of state and county or other taxes and damages, and the fees and commissions of the auditor, as stated on said conveyance; and said treasurer shall mark such conveyance "registered" and subscribe such marking with his official signature and seal, and return such conveyance to the auditor, and such conveyance shall not be valid unless it has been dealt with as herein required."

It will be noted on page 53 of the record, that a certified copy of this deed from the land records in Quitman county was offered in evidence. In this certified copy there does not appear to be any statement of the taxes required to be noted on the back thereof, but it is marked "Registered, William L. Hemingway, State Treasurer." On page 55 of the record appears a certified copy of this deed, and also all the statements and notations of taxes required by section 562, by which it was shown that this section was actually and fully complied with in dealing with this conveyance. Now, this certified copy, was taken not from the land records in Quitman county, but from the register required by section 562 to be kept by the treasurer in his office, and it is contended that as the notations of taxes is not found in the record of the deed in Quitman county, that the recordation in the treasurer's office is not admissible. But we insist that the "Register" kept by the treasurer, and required by section 562 to be kept by him, is the original and probably the sole source from which the facts required to be notated on the deed can be had. There is no law, so far as we know, that requires, or even authorizes, any notation on the back of deeds to be recorded in the records in the counties. The only authorized place for recording these facts, under section 562 is in the treasurer's office in the city of Jackson, and being the original and only lawful record, a certified copy of the same is the proper and lawful method of proving same. Therefore, we insist that the evidence in the record does legally establish the validity of this deed, and that the chancellor erred in holding that it was not shown that this conveyance had been dealt with as required by section 562. This view seems to us conclusive, when we remember that the recording of the notations of taxes on the back of the conveyance, and the registration thereof, was for the purpose of creating a check upon the treasurer of moneys had and

received for taxes, and not for the purpose of notifying the public at large of the facts noted thereon.

*P. H. Lowery,* for appellees.

Referring to the deed from the auditor to Mitchell, counsel contends that it was not proper for the clerk to enter on the records of Quitman county the items, made by section 562 of the Code of 1880 an essential part of the deed. I insist that this being an essential part of the deed it was also a necessary part of the record of the deed. But even if this be not correct, it must in some way be shown that the deed complied with the law in order for it to be admissible in evidence. This record was the only evidence of the deed and certainly the record, failing to show the necessary parts of the deed, would not prove that the deed was made according to law.

I call the court's attention again especially to the copy of the record from Quitman county and to the alleged copy from the office of the land commissioner. The record of the deed in Quitman county shows the signatures of the auditor, immmediately following which is the signature of the treasurer. In the alleged copy, between the signatures of the auditor and the signature of the treasurer comes what is now claimed to be the items required by said section 562. Now it is inconceivable that the clerk of Quitman county should have recorded the name of the treasurer immediately following the signature of the auditor if the items were on the original deed. Thus the record itself shows that these items did not appear on the original deed as they appear on the alleged copy. The land commissioner keeps in his office the copies of these deeds, and is not required by law to do so, and all he can lawfully certify is that the items appear on his record, and any certificate from him as to the contents of the deed, or that these items appeared on the deed, is entirely gratuitous and is worth no more than any other loose piece of paper.

It is insisted by counsel that the only way to prove this record is from the treasurer's office. The court will find a similar suggestion in the original brief filed in this case by me; that is, that if it could be proven at all, except by the deed, it must be done by the record of the treasurer's office, and I insist that even that would not be proof that the items were on the original deed, when the record of the original deed in the clerk's office shows that they were not on it. But be this as it may, the counsel for appellant falls into the error of supposing that he had proven this from the record of the treasurer's office when he has not. The alleged record which he offers from the land commissioner's office, on pages 55 and 56 of the record, is from the auditor's office and not from the treasurer's office, as the treasurer's records are not and never have been in the land commissioner's office, only the records of the auditor having been transferred to the land commissioner's office when that department was created. The certificate of the land commissioner himself shows that his data is taken from the record, transferred from the auditor's office to his office, under the act of 1902.

Even on the contention of appellant's counsel in his brief, when compared with the record, he has failed to show a deed made according to section 562, and the chancellor could have done nothing more than to exclude the evidence offered to sustain complainant's title.

I do concede that where the record of the deed itself shows as celarly as in this case the failure of the auditor to comply with section 562, even the records of the treasurer's office could not validate this void deed. Certainly the records of the auditor's office could not.

Argued orally by *W. R. Harper,* for appellant.

MAYES, C. J., delivered the opinion of the court.

The land in controversy is located in Quitman county. If the appellant has any title to the property, it is de-

rived through the deed executed by the state on June 17, 1887, to T. D. & R. M. Mitchell. This deed from the state to the Mitchells constitutes the source of title through which appellant claims by several mesne conveyances. The trial court held that the deed from the state to the Mitchells was invalid, because there was no proof that the deed had been dealt with as required by section 562, Code of 1880. The section referred to requires the auditor to ''make a statement, on each conveyance so made by him, of the amount of state taxes, and damages thereon, and of the amount of county taxes and damages thereon, and of any other taxes and damages thereon, and the amount of his fee and commissions, in the transaction, and shall present such conveyance, thus prepared, to the state treasurer, who shall enter in a well-bound book, to be kept as a record of his office, the description in the conveyance of the land conveyed and the name of the grantee, and the amount of state and county or other taxes and damages, and the fees and commissions of the auditor, as stated on said conveyance; and said treasurer shall mark such conveyance 'registered' and subscribe such marking with his official signature and seal, and return such conveyance to the auditor, and such conveyance shall not be valid unless it has been dealt with as herein required.''

As a part of appellant's title, he introduced the state's conveyance to the Mitchells in 1887. The original deed seems to have been lost after it was recorded in the proper county. In recording the deed in Quitman county, the amount of taxes, damages, etc., were not recorded as a part of the deed; and it is contended by appellee that the failure to record in Quitman county the notations required by the auditor to be made on the conveyance rendered the conveyance void, independently of other questions which we will discuss. We do not think it was necessary to the validity of the conveyance to record in Quitman county the notations required to be

made by the auditor of the taxes, damages, etc., and the failure to do this did not render the conveyance of the auditor void.

But the real difficulty in the case is that it is not shown that the conveyance made by the auditor was presented to the state treasurer, and recorded, and kept as a record of the treasurer's office, as required by section 562, Code of 1880. Unless this is done, the section expressly provides that the conveyance shall not be valid. It is quite true that these notations do appear in the auditor's office. But the auditor's office was not the place where the record was required by law to be kept. If the treasurer's office did show that the record was made and kept in his office, in accordance with the requirements of section 562, Code of 1880, the conveyance by the auditor might be good; but no such record is presented, or proved to have been made or kept.

*Affirmed on direct and cross appeal.*